**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**ELIZABETH J. DUFRESNE,**
**by her Guardian, Gertrudez Lopez,**

                Plaintiff,

                                                      **Case No. 12-C-771**

     -vs-

**CAROLYN W. COLVIN,**[1]
**Acting Commissioner of Social Security Administration,**

                Defendant.

---

**DECISION AND ORDER**

---

Elizabeth J. Dufresne, by her mother and legal guardian Gertrudez Lopez, appeals the denial of her claim for disability benefits. Dufresne, referred to as "Lisa" in the briefs and much of the record, was born October 21, 1991. As the ALJ found, Lisa suffers from mood disorder, obsessive compulsive disorder, and a central processing disorder. However, the ALJ found that Lisa's impairments do not meet or medically equal a listed impairment. The ALJ also found that Lisa had the residual functional capacity to perform a full range of work at all exertional levels with certain nonexertional limitations.

On review, the Court will overturn the Commissioner's final decision only if it lacks support by substantial evidence, is grounded in legal error, or is too poorly articulated to permit meaningful review. *Hopgood ex rel. L.G. v. Astrue*, 578 F.3d 696, 699 (7th Cir.

---

[1] On February 14, 2013, Carolyn Colvin became Acting Commissioner of Social Security. Pursuant to the Social Security Act and the Federal Rules of Civil Procedure, Carolyn Colvin is automatically substituted as Defendant-Appellee in this suit. 42 U.S.C. §405(g); FED. R. CIV. P. 25(d).

2009). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Powers v. Apfel*, 207 F.3d 431, 434 (7th Cir. 2000). The Court views the record as a whole but does not reweigh the evidence or substitute its judgment for that of the ALJ. *Schmidt v. Apfel*, 201 F.3d 970, 972 (7th Cir. 2000). The ALJ is not required to address every piece of evidence or testimony presented, but must provide a "logical bridge" between the evidence and his conclusions. *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000).

In many respects, the ALJ did not build a logical bridge from the evidence to his conclusions. For example, the ALJ found that Lisa had "moderate restriction" in activities of daily living. In support of that conclusion, he found that Lisa "needs frequent reminders of what to do and how to do it. She does not go out alone because she is too worried about something bad happening. She is too anxious and scared to learn how to drive." R. 20. This evidence does not support a finding that Lisa's restrictions in daily living activities are only "moderate." Moreover, the ALJ's RFC finding limited Lisa to "only *occasional* interaction with co-workers, supervisors, and the public." R. 21 (emphasis added). It is impossible to reconcile the need for "frequent reminders of what to do and how to do it" with a limitation to "occasional interaction" with co-workers and supervisors.

Therefore, the Commissioner's decision is not supported by substantial evidence in the record. On remand, the ALJ should re-evaluate the opinions of Dr. Yanchar and Dr. Larson under the relevant criteria for opinion evidence. 20 C.F.R. § 416.927(c). The opinions of these doctors seem to support a finding that Lisa's RFC should be more

-2-

Case 2:12-cv-00771-RTR    Filed 05/08/13    Page 2 of 3    Document 13

restrictive and that she meets or medically equals a listed impairment. Further, the ALJ should directly confront the fact that Lisa's parents are her appointed guardians, and he should specifically evaluate the testimony of Lisa's father. The ALJ should also address Lisa's credibility in the context of her own testimony, not just the testimony of her parents, doctors, and schoolteachers. In particular, the ALJ should consider all of the evidence regarding Lisa's activities of daily living, not merely those portions that support a finding of disability.

The Commissioner's denial of benefits is **REVERSED**, and this matter is **REMANDED** for further proceedings pursuant to 42 U.S.C. § 405(g) (sentence four) that are consistent with the foregoing opinion.

Dated at Milwaukee, Wisconsin, this 8thday of May, 2013.

**BY THE COURT**:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**